UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETAILXPERTS FRANCHISE
SYSTEMS LLC,

    Plaintiff,

v.

DECK INC., *et al.*,

    Defendants.

Case No. 19-cv-10037
Hon. Matthew F. Leitman

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (ECF No. 20)

In this action, Plaintiff DetailXPerts Franchise Systems, LLC ("DetailXPerts") alleges, among other things, that Defendants Deck, Inc., Matthew Deck, and Veronica Deck (collectively, "Deck") violated a non-compete provision in the parties' Franchise Agreement (the "Non-Compete"). DetailXPerts knew of Deck's alleged violation of the Non-Compete, at the latest, on August 20, 2018. More than one year later, on August 23, 2019, DetailXPerts filed a Motion for a Preliminary Injunction and Temporary Restraining Order in which it asks the Court to enjoin Deck from violating the Non-Compete. (Mot., ECF No. 20). Because DetailXPerts unreasonably delayed seeking injunctive relief and is otherwise unable to establish the propriety of such relief, DetailXPerts' motion for a preliminary injunction and temporary restraining order is **DENIED**.

1

# I

DetailXPerts "provides franchisees with the equipment and training to run a vehicle-detailing business using a customized steam cleaning process." (*Id.*, PageID.460.) Defendants Matthew Chase Deck and Veronica Deck are principals of Defendant Deck Inc. (*See* Third Am. Compl., ECF No. 18, PageID.351–52.)

On October 30, 2015, Deck entered into a Franchise Agreement with DetailXPerts. (*See* Deck Supp. Decl., ECF No. 25-1, PageID.563; Franchise Agreement, ECF No. 18-1, PageID.357–402.) The Franchise Agreement included the Non-Compete, which stated in part:

> **20.2. <u>Post-Termination Covenant Not to Compete</u>**. Upon termination or expiration of this Agreement for any reason, the Franchisee and its officers, directors, members, managers, shareholders, and/or partners agree that, for a period of two years commencing on the effective date of termination or expiration . . . neither Franchisee, the Principal Manager, nor the Franchisee's officers, directors, shareholders, managers, members and/or partners will have any direct or indirect interest . . . in any Competitive Business . . . located or operating within 10 miles of the former Territory or within 10 miles of the Territory of any other franchised, company or affiliate-owned DETAILXPERTS Business.

(Franchise Agreement, ECF No. 18-1, PageID.390.) The Franchise Agreement defined a "Competitive Business" as a business offering "(i) vehicle wash and detailing services or (ii) other products or services the same as . . . those offered and sold by a [DetailXPerts franchise]." (*Id.*, PageID.389.)

On March 28, 2018, Deck sent DetailXPerts a notice of rescission of the Franchise Agreement. (*See* Notice of Rescission, ECF No. 22-2, PageID.503.) Deck alleged, among other things, that DetailXPerts fraudulently induced Deck to enter into the Franchise Agreement by making misrepresentations about the average price that Deck would be able to charge customers for detailing services. (*See id.*; Supp. Resp., ECF No. 24, PageID.24.) According to Deck, it would not have purchased a DetailXPerts franchise – or taken out a $150,000 Small Business Association loan for the purchase – if it had known the true market rates of washing and detailing services. (*See* Deck Supp. Decl., ECF No. 25-1, PageID.564.) Deck's rescission notice stated that it would "cease[] operating as a DetailXPerts Franchise" on March 29, 2018. (Notice of Rescission, ECF No. 22-2, PageID.503.)

On April 13, 2018, DetailXPerts sent Deck a letter denying that Deck had valid grounds to rescind the Franchise Agreement. (*See* 4/13/18 Letter, ECF No. 22-2, PageID.505.)

On May 14, 2018, DetailXPerts terminated its Franchise Agreement with Deck based upon Deck's alleged violations of the Franchise Agreement. (*See* Notice of Termination, ECF No. 18-1, PageID.410.)

On June 28, 2018, Deck initiated arbitration against DetailXPerts for monetary damages. (*See* Arb. Demand, ECF No. 22-2, PageID.509–24.) On August 20, 2018, DetailXPerts filed an arbitration counterclaim against Deck. (*See* Arb.

3

Counterclaim, ECF No. 22-2, PageID.526–33.) In the counterclaim, DetailXPerts alleged that Deck violated the Non-Compete by "continu[ing] to conduct business under the [DetailXPerts] franchise name . . . and [performing] detailing services using the method licensed under the Franchise Agreement." (*Id.*, PageID.528.) Thus, by roughly the end of August 2018, DetailXPerts had concluded Deck was violating the Non-Compete.

On January 4, 2019, more than three months after determining that Deck was violating the Non-Compete, DetailXPerts filed this action. (*See* Compl., ECF No. 1.) In its Complaint, DetailXPerts alleges that Deck is violating the Non-Compete by "continu[ing] to operate a detailing business." (*Id.*, PageID.4.)

Then, on August 23, 2019, more than one year after concluding that Deck was violating the Non-Compete and nearly nine months after filing this action, DetailXPerts filed its Motion for a Preliminary Injunction and Temporary Restraining Order. (*See* Mot., ECF No. 20.) In that motion, DetailXPerts says that Deck violated the Non-Compete by "continu[ing] to operate a vehicle-detailing business in or within ten miles of the territory of its former franchise," by "providing, post-termination of the Franchise Agreement, mobile vehicle detailing services to customers," and by providing detailing services to customers whom Deck serviced while Deck was a DetailXPerts franchisee. (*Id.*, PageID.461.) DetailXPerts asks the

Court to "issue a preliminary injunction and a temporary restraining order that will enjoin defendants from violating the [Non-Compete]." (*Id.*, PageID.457.)

Deck denies that it has violated the Non-Compete. Deck contends that when it rescinded the Franchise Agreement, it immediately de-identified as a DetailXPerts franchise, stopped using the DetailXPerts name for advertisements or promotions, and began operating as a mobile wash and detailing business under the name ProAuto Fleet Detailing. (*See* Deck Decl., ECF No. 22-1, PageID.494.) Deck represents that it has not and will not use DetailXPerts' customized steam-cleaning process. (*See* Supp. Resp., ECF No. 24, PageID.541.) Rather, Deck claims that it uses mobile pressure washers to clean the exterior of vehicles and trucks. Deck insists that this is an "extremely common technique for mobile washing." (Deck Decl., ECF No. 22-1, PageID.494–95.) Deck also asserts that all of its "current customers were solely obtained through the efforts of Deck" and that "[p]otential mobile washing and detailing commercial customers are commonly known and discoverable from public sources." (Supp. Deck Decl., ECF No. 25-1, PageID.564.)

## II

A preliminary injunction, like a temporary restraining order, "is an extraordinary and drastic remedy." *S. Glazer's Distribs. of Ohio v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Although the movant "is not required to prove his case in full

at a preliminary injunction hearing," *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007), a preliminary injunction should not "be granted lightly," *S. Glazer's*, 860 F.3d at 849. Rather, the remedy should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A district court balances four factors when considering a motion for a preliminary injunction or a temporary restraining order: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Id.* (quotations omitted); *see also Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (same four factors for a temporary restraining order). "[T]hese are factors to be balanced, not prerequisites to be met." *S. Glazer's*, 860 F.3d at 849. "[N]o one factor is controlling." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

## III

On balance, the four factors weigh against granting DetailXPerts injunctive relief.

First, DetailXPerts has not demonstrated a strong likelihood of success on the merits. On the contrary, both sides have presented plausible arguments concerning

6

the merits of their dispute, and thus at this point, the merits questions presented appear to be fairly close ones. For instance, DetailXPerts reasonably argues that Deck's operation of a competing vehicle-washing business violates the plain language of the Non-Compete. (*See* Mot., ECF No. 20, PageID.463–64.) Deck reasonably counters that the provision may be unreasonable and thus unenforceable, at least in part, and, in addition, that the entire Franchise Agreement may be void due to fraud by DetailXPerts. (*See* Supp. Resp., ECF No. 24, PageID.550–55.) The Court is not yet in a position to definitively resolve any of these issues, but the Court's preliminary review of the competing arguments persuades the Court that both sides have a reasonable basis for their positions. Under these circumstances, the Court cannot conclude that DetailXPerts has a strong likelihood of success on the merits.

Second, DetailXPerts has not shown that it would suffer irreparable harm absent an injunction. DetailXPerts waited more than one year to seek injunctive relief after learning of Deck's alleged breach of the Non-Compete, and DetailXPerts has no reasonable explanation for that delay.[1] DetailXPerts' "unreasonable delay in filing for injunctive relief . . . weigh[s] against a finding of irreparable harm." *Allied*

---

[1] DetailXPerts argues that its delay is justified "because it has been attending to matters generally involving the present Defendants [and] there has been no lack of diligence or effective delay in bringing the present request for relief." (Reply, ECF No. 29, PageID.631.) The Court is not persuaded that this is a sufficient explanation for DetailXPerts' delay.

*Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 511 F. App'x 398, 405 (6th Cir. 2013); *see also Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 771–72 (E.D. Mich. 2003) (nine-month delay "in seeking a preliminary injunction undermines [an] allegation of irreparable harm"). Moreover, DetailXPerts has suggested that its claimed damages may be quantified, at least in large part. Its sole member attests that it is losing approximately $30,000 per month in gross sales due to Deck's violation of the Non-Compete. (*See* Williams Aff., ECF No. 20, PageID.469.) DetailXPerts' ability to measure its claimed damages further cuts against a finding of irreparable harm. The Court is not persuaded that an injunction is necessary here to protect DetailXPerts from irreparable harm.

Finally, granting the requested injunction could harm both third parties and the public interest. The injunction will effectively put Deck out of the vehicle-washing business within a reasonable distance of its home base. That, in turn, could well lead to the layoff of Deck's four employees and will cause Deck to default on its Small Business Administration loan. (*See* Supp. Resp., ECF No. 24, PageID.555–55.) The Court concludes, at a minimum, that DetailXPerts has failed to show that granting the requested injunction would benefit third parties and serve the public interest. Accordingly, the third and fourth injunction factors do not weigh in favor of granting the injunction.

For all of these reasons, the balance of the relevant factors weighs against granting DetailXPerts' request for injunctive relief, and the Court declines to enter a preliminary injunction and/or temporary restraining order against Deck.

## IV

DetailXPerts' Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764