UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETAILXPERTS FRANCHISE
SYSTEMS, LLC,

    Plaintiff,

v.                                     Case No. 19-10037
                                       Honorable Victoria A. Roberts

DECK, Inc., et al.,

    Defendants.
_____/

## ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD AND FOR SANCTIONS [ECF No. 40]; AND (2) CLOSING THE CASE

**I.    INTRODUCTION**

DetailXPerts Franchise Systems, LLC ("DetailXPerts") brought this case against: (1) its former franchisee, Deck, Inc.; (2) Deck, Inc.'s principal, Matthew Chase Deck; and (3) Matthew Deck's wife, Veronica Deck (collectively, "Defendants").

Before the Court is Defendants' motion to confirm arbitration award and sanction DetailXPerts.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion, as set forth below.

## II.     DISCUSSION

In late 2015, Defendants entered into a franchise agreement with DetailXPerts.  The franchise is for a mobile auto-detailing business.

As part of the franchisor-franchisee relationship, DetailXPerts sells its franchisees portable steam cleaners ("Steamers").  DetailXPerts offers two models of Steamers, a $5,000 model and an $8,000 model.

Initially, Defendants purchased three Steamers from DetailXPerts – two of the $5,000 model and one $8,000 model.  In July 2016, Defendants purchased an additional $8,000 model steamer (the "July 2016 Steamer") from DetailXPerts.

Defendants rescinded the franchise agreement in March 2018 because the Steamers were repeatedly malfunctioning.

DetailXPerts filed this action in January 2019.

While this case was ongoing, Deck, Inc. and DetailXPerts engaged in arbitration before the American Arbitration Association; both parties asserted claims against the other.  An arbitrator entered an arbitration award.  The arbitrator found that DetailXPerts' July 2016 sale "of an additional steamer for $8,000 that did not address the essential problem being incurred[] was unwarranted.  Thus, [Defendants are] awarded the sum of $8,000 conditioned upon the return of the $8,000 steamer to

[DetailXPerts]." On a different issue, the arbitrator awarded DetailXPerts $500.

On July 2, 2020, DetailXPerts moved the Court to confirm the arbitration award and award it attorney fees.

In an order dated October 19, 2020, the Court denied DetailXPerts request for attorney fees but confirmed the arbitration award.

On January 26, 2021, Defendants filed a motion to confirm the arbitration award as to DetailXPerts and for sanctions. Defendants say that although they returned the July 2016 Steamer to DetailXPerts, DetailXPerts still has not paid them the $8,000 due under the arbitration award. Defendants ask the Court to confirm the arbitration award and issue a judgment in favor of them for $8,000. Defendants also seek sanctions, saying DetailXPerts has engaged in bad faith.

DetailXPerts says the Steamer Defendants returned is not the July 2016 Steamer. It says the serial number on the returned Steamer does not match the serial number in its records for the July 2016 Steamer.

First, the Court need not confirm the arbitration award; it already did this in the October 19, 2020 order. However, the Court finds that Defendants satisfied the condition in the arbitration award and are entitled to $8,000 (less the $500 they owe DetailXPerts).

3

Contrary to DetailXPerts' arguments, there is no evidence that the returned steamer is not the July 2016 Steamer.  The invoice for the July 2016 Steamer does not have a serial number.  Moreover, although DetailXPerts sent an email with the serial numbers for the first three steamers Defendants bought, there is no similar email from DetailXPerts with the serial number for the July 2016 Steamer, nor is there any other evidence showing the July 2016 Steamer had a serial number – other than a picture submitted by DetailXPerts showing "S-N 52" written in marker on *a* Steamer.

What is clear, however, is that Defendants purchased an $8,000 model steamer from DetailXPerts in July 2016 and that they returned an $8,000 model steamer to DetailXPerts, as the arbitration award required.  The Court finds this satisfied Defendants' obligation under the arbitration award, and that they are entitled to recovery of the money due to them under the award.

The Court denies Defendants' request for sanctions.  However, the Court warns the parties and attorneys that any more frivolous briefing will be subject to sanctions.

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to confirm the arbitration award and for sanctions.

The Court previously confirmed the arbitration award, so it need not do so again. However, the Court **ORDERS** that DetailXPerts pay Defendants $7,500 – i.e., the $8,000 due under the arbitration award less the $500 Defendants owe DetailXPerts under the award – within fourteen days after this order enters.

The Court **DENIES** Defendants' request for sanctions.

This case is **CLOSED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  March 19, 2021